# WENIG SALTIEL LLP

### ATTORNEYS AT LAW

26 COURT STREET - SUITE 1200
BROOKLYN, NEW YORK 11242
PHONE: (718) 797-5700
FAX: (718) 522-0356
EMAIL: INFO@LTATTORNEYS.COM

MERYL L. WENIG
JEFFREY L. SALTIEL*
————
HOWARD BONFIELD
DAVID E. BROOKSTONE
SEHZAD SOOKLALL
————
DAN M. BLUMENTHAL
SPECIAL COUNSEL
————
*ADMITTED IN NY & NJ

MARVIN BEN ARON
ANGELYN D. JOHNSON
CHARLES FINKELSTEIN
LEOPOLD GROSS
CHARLES L. MESTER*
————
OF COUNSEL

May 27, 2020

Hon. Margo K. Brodie, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     **Miss Jones LLC v. Arcello, Lance**
        **Docket #17-CV-00895**

Dear Judge Brodie:

Our firm represents Defendant Lance Arcello in the above-referenced residential mortgage foreclosure action. We write to respectfully request a telephone conference to discuss a means by which to stay Defendants' payment obligations under the Settlement Agreement until 90 days after the Governor's Executive Order is lifted.

Pursuant to the Settlement Agreement, on or before June 10, 2020, Defendant is required to pay to Plaintiff a Discounted Payoff in the sum of $190,809.68.  The Settlement Agreement provides further that, in the event of Defendant's nonpayment by the June 10, 2020 date, Plaintiff is authorized to file a Consent to a Judgment of Foreclosure and Sale in the amount of $190,809.68.

Throughout the course of the negotiations and execution of the Settlement Agreement and continuing through the present day, Defendant has always intended to pay the Discounted Payoff with funds from the sale of his house that is the subject of the underlying mortgage foreclosure action.

However, since the onset of the unanticipated coronavirus epidemic and the Governor's implementation of the "pause" and stay-at-home orders and related executive orders arising therefrom, my client has been unable to show his house in person through the
services of a real estate broker, having last done so almost two months ago.

In that regard, as the Empire State Development Corporation ("EDC") recently issued guidance stating that "real estate services shall be conducted remotely for all transactions,"  the

traditional means of doing business in the real estate brokerage business - - including in-person showings, in-person open houses, and one-on-ones with agents and potential buyers - - are no longer viable options for selling a house.  Rather, pursuant to the EDC's guidance, the broker is limited to conducting showings "virtually."

Although my office wrote to Plaintiff's counsel last month to request a 90-day extension of the June 10, 2020 given the completely unanticipated and unforeseeable nature of the coronavirus pandemic and the resultant impact upon the real estate market, Plaintiff's counsel indicated they would only agree to such an extension if Defendant made monthly payments in the amount of $10,000 for each month beyond the June 10, 2020 date, payable in advance.

As the June 10, 2020 date for payment under the Settlement Agreement is less than a month away, and as there is no clear indication as to when real estate brokers will be able to conduct personal showings of my client's home, I am writing to request a telephone conference with the Court to address the possibility of staying enforcement of the Settlement Agreement or agreeing to a brief extension of my client's obligations thereunder.

By virtue of the unforeseeable coronavirus epidemic and the Governor's executive order, the real estate brokerage business has been shut down in its traditional sense and made it impossible for my client to be able to comply with selling his home to make his payment.  Plaintiff is fully aware that Defendant was relying on the sale of the house in order to make the settlement payments, and that the means to do so are longer available to Defendant as a result of the pandemic.

Essentially, Defendant's performance of his contractual obligations under the Settlement Agreement has been rendered impossible by the government's order issued against the backdrop of a completely unforeseeable event.  *Vemics, Inc.*, 2011 U.S. Dist. LEXIS 72611, at *14 ("impossibility of performance is a result of an unanticipated event that could not have been foreseen or protected against in the contract"); *Kel Kim*, 70 N.Y.2d at 902; *Inter-American Dev. Bank v. Nextg Telecom Ltd.*, 503 F.Supp.2d 687, 695 (S.D.N.Y. 2007) (impossibility is met if it involves an "act of state"); *Moyer v. Little Falls*, 134 Misc. 2d 299, 301 (N.Y. Sup. Ct. Herk. Cty. Dec. 29, 1986) (explaining "performance should be excused [] if governmental action or other contingencies create a substantially unjust situation totally outside contemplation of the parties."); See also *Kolodin v. Valenti*, 115 A.D.3d 197, 200-01 (1st Dept. 2014) (performance rendered impossible as barred by court order).

Furthermore, the Court's grant of the relief requested herein would not unprecedented, as a fellow Judge of the Eastern District of New York held a telephone conference pursuant to a similar request to defer enforcement of a settlement agreement, and entered a minute order following the conference reflecting that "[t]he parties agreed to stay Defendants' obligations to remit the three remaining payments under the parties' settlement agreement for a few months, due to financial difficulties imposed by the COVID-19 pandemic," and directed the parties "to file an addendum to their settlement agreement . . . setting forth a new timetable for Defendants to complete their settlement obligations."  See Pozdnyakova et al v. Nargis Corp et al. 1:17-cv-07076-LDH-PK, copy of minute sheet annexed.

Based upon the foregoing, Defendant respectfully requests a telephone conference to discuss a means by which to stay Defendants' payment obligations under the Settlement Agreement until 90 days after the Governor's executive order is lifted.

Please note that the Defendant is in no way requesting that the Court relieve him of his contractual obligation to perform, but seeks rather to suspend or delay the time for performance until ninety (90) days after the "pause" is lifted.

We thank the Court for its time and attention to this matter.

Respectfully,

Meryl L. Wenig