

Seth D. Weinberg, Esq.

450 Seventh Avenue, Suite 1408
New York, New York 10123
T. 212.643.6677
F. 347.491.4048
sweinberg@hasbanilight.com

July 8, 2020

**VIA CM/ECF**
Judge Margo K. Brodie
United States District Court, EDNY
225 Cadman Plaza East
Chambers N 626
Brooklyn, New York 11201

      **RE:**   *Miss Jones LLC v. Arcello et al.*
             Case No.: 17-cv-00895 (MKB)(RML)
             **Letter Concerning Restoration and Jurisdiction**

Dear Judge Brodie,

We represent the Plaintiff Miss Jones LLC ("Miss Jones" or "Plaintiff") in the above referenced foreclosure matter. We write in response to this Court's July 1, 2020 request for a letter discussing its jurisdiction to enforce the stipulation between Miss Jones and Lance Arcello ("Arcello" or "Defendant") (Miss Jones and Arcello shall be collectively referred to as the "Parties").

Federal courts routinely determine that they lack jurisdiction over the parties compliance with a settlement agreement when the underlying matter is voluntarily dismissed and the parties fail to ensure the court retains jurisdiction over the settlement by either "(1) expressly retain[ing] jurisdiction over the settlement agreement, or (2) incorporate[ing] the terms of the settlement agreement into an order." *Thurston v. Flyfit Holdings, LLC,* 2020 WL 2904065, at *2 (S.D.N.Y. June 3, 2020); *see Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994). In such cases, the district court would make compliance with the terms of the settlement agreement a part of its order so that a breach of the agreement would be a violation of the order. *See StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014); *see also Roberson v. Giuliani*, 346 F.3d 75, 82 (2d Cir. 2003)).

Dismissal is governed by Fed. R. Civ. P. 41. Following a party's service of an answer to the complaint, an action may be dismissed by a stipulation of dismissal signed by all parties who have appeared. *See* Fed. R. Civ. R. 41(a)(1)(A)(ii). A district court may involuntarily dismiss an action upon a defendant's motion when a plaintiff fails to prosecute or to comply with these rules or a court order. *See id.,* 41(b).

Here, the Parties agreed within the confines of the underlying action to provide Arcello with a certain amount of time to tender an agreed upon amount to satisfy the loan owned by Miss Jones. This stipulation to judgment has been executed by both parties. Both parties have agreed to not request its execution by the Court until September 8, 2020, if necessary. The parties have not

submitted a stipulation seeking dismissal of this matter, nor has Arcello sought to dismiss this action for any failure alleged to prosecute.

Accordingly, the instant action should not have been dismissed *sua sponte* and Miss Jones is not requesting that this Court assert jurisdiction over enforcement of a settlement agreement in a dismissed foreclosure action. The stipulated judgment was agreed upon by the Parties and its filing in the instant action would be contingent on Arcello's failure to timely tender the settlement funds. Thus, the scope of the efforts to payoff Miss Jones' Loan in order to avoid foreclosure is well within the purview of the underlying action and this Court's jurisdiction.

We respectfully request that this court reinstate the instant foreclosure action and direct the parties to provide monthly status updates regarding Arcello's efforts to tender the agreed upon settlement amount. We thank this Court for its attention to this matter. Please do not hesitate to contact us with any questions.

Respectfully,

*/s/ Seth D. Weinberg*

cc: **VIA CM/ECF**
Meryl Wenig, Esq.
Wenig Saltiel, LLP
*Attorney for Defendant Lance Arcello*
26 Court Street, Ste 1200
Brooklyn, New York 11242